UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**CONNIE SEBASTIAN**,

Debtor.

Case No. **08-60340-7**

*MEMORANDUM of DECISION*

At Butte in said District this 5th day of November, 2008.

In this Chapter 7 bankruptcy, the Trustee filed on July 24, 2008, an Objection to Debtor's $750.00 claim of exemption in an IRS tax credit payment (2008 federal economic stimulus payment) and in Debtor's unspecified dollar amount claim of an exemption in that portion of Debtor's 2008 federal and states tax refunds attributable to wages earned prior to Debtors' bankruptcy petition date. Debtor filed a response to the Trustee's Objection on August 4, 2008, setting the matter for hearing and arguing that the 2008 IRS tax credit payment was received within 45 days prior to June 26, 2008; that the IRS tax credit is a credit paid in advance for earnings of the Debtor to be earned post petition; and the tax credit and the tax refunds are payments of earnings withheld by the Debtor's employer for the benefit of the Internal Revenue Service and the Montana Department of Revenue; and that the refunds are the return of Debtor's earnings and Debtor's earnings are exempt pursuant to MONT. CODE ANN. ("MCA") § 25-13-614 and remain exempt for up to 45 days after receipt by and while in possession by the Debtor pursuant to MCA § 25-13-610(2).

1

After due notice, hearing on the matter was held September 16, 2008, in Billings. The Chapter 7 Trustee, Joseph V. Womack of Billings, Montana, appeared at the hearing in support of his Objection. Debtor was represented at the hearing by attorney James A. Patten of Billings, Montana. The parties agreed at the hearing to submit the matter to the Court on stipulated facts and simultaneous briefs. Pursuant to the parties' stipulation approved by this Court on October 14, 2008, the parties filed their final briefs on November 3, 2008.

As agreed at the hearing, the parties filed a Stipulation of Facts on October 1, 2008, setting forth the following agreed facts:

1. The Court has jurisdiction over this matter under 28 U.S.C. §1334 and §157.

2. This is a core proceeding under 28 U.S.C. §157 as it concerns the administration of the Estate and the Debtor's claim of exemption in $750.00 of the 2008 Economic Stimulus Payment and all of her 2008 income tax refund.

3. As of January 1, 2008, and continuing through the date of commencement of this case, Connie Sebastian was employed at Yellowstone Bank and received a monthly salary of $2,658.70. In addition, Connie Sebastian was employed by Northern States Auto with no fixed amount but averaging an income of $420.00 per month.

4. Congress passed the bill providing for the 2008 Economic Stimulus Payments ("Economic Stimulus Act of 2008") and the President signed it into law on February 13, 2008.

5. Connie Sebastian filed this voluntary Chapter 7 case on March 31, 2008.

6. On May 23, 2008, the Debtor and her husband received an Economic Stimulus Payment of $1,500.00 by paper check dated May 19, 2008, made payable to each of them. The funds were deposited into their joint account at Yellowstone Bank, Billings, Montana. On June

26, 2008, the Debtor amended her schedules B and C to reflect receipt of the stimulus tax credit payment and to claim $750.00 of it and the prepetition portion of her 2008 income tax refund, if any, as exempt wages.

7. The Trustee filed his objection to the claimed exemptions on July 24, 2008, for the reason that the property does not fall within the wage exemption category.

8. Connie Sebastian is married; she and her husband have one minor child who is a dependant.

9. Attached to the Stipulation, and marked and admitted into evidence are copies of the following:

    a. Exhibit A - Debtor and Duane Sebastian's (her husband) federal and state tax returns for 2006, including attached W-2s;

    b. Exhibit B - Debtor and Duane Sebastian's federal and state tax returns for 2007 including attached W-2s;

10. Connie Sebastian's employer, Yellowstone Bank, withholds $450.51 per month from her salary for her federal and state income tax withholdings as well as her share of her Social Security and Medicare contribution and sends those withholdings to the appropriate taxing authority.

11. Debtor and her husband received their 2006 and 2007 federal and state tax refunds by electronic deposit into their joint account number 9521445 at Yellowstone Bank, Billings, Montana.

12. The Court shall take judicial notice of all documents filed by Debtor in this case, including but not limited to the Petition, Schedules, Statement of Financial Affairs and Debtor's

Notice of Income Statements pursuant to 11 U.S.C. § 521(a)(1)(B)(iv) with attached pay stubs.

On October 24, 2008, the Trustee and Debtor filed simultaneous briefs. In her brief, and her reply brief of November 3, 2008, Debtor concedes that this Court's ruling in *In re Schwenke*, 2008 WL 4381822 (Bankr. D. Mont. Sept. 25, 2008), resolves Debtor's claimed exemption in her 2008 Economic Stimulus Payment and thus, Debtor has withdrawn that claimed exemption.[1] Trustee in his reply brief of November 3, 2008, clarifies his objection as follows:

> Trustee does not object to the exemption in Debtor's 2008 tax refunds to the extent that those refunds are attributable to tax payments withheld from her wages after the date of filing her bankruptcy, March 31, 2008. As is the custom and practice in this district, the tax refund will be prorated so that the estate would receive $3/12^{ths}$ or ¼ of the total refund of the Debtor for 2008, based on the filing date of March 31, 2008, and the Debtor will receive the balance.

As for Debtor's claimed exemption in the prepetition portion of her 2008 income tax refunds, the Montana's Constitution and case law require that exemptions be liberally construed in favor of the claimant. Constitution of the State of Montana, Article XIII, section 5; *Neel v. First Fed. Sav. and Loan Assoc. of Great Falls*, 207 Mont. 376, 383, 675 P.2d 96, 100 (Mont. 1984) (Recognizing the maxim that homestead laws should "be liberally construed in favor of the homestead claimant"). *See also Glass v. Hitt (In re Glass)*, 60 F.3d 565, 570 (9th Cir. 1995) ("the availability of exemptions is to be liberally construed in favor of the debtor").

Turning to the particular issue before the Court, Debtor relies on *In re Cedor*, 337 F.Supp. 1103 (N.D. Cal. 1972), *aff'd In re James*, 470 F.2d 996 (9th Cir. 1972), *cert. denied,*

---

[1] In *Schwenke*, this Court concluded that the economic stimulus payment under the Economic Stimulus Act of 2008, Pub. L. 110-185, 122 Stat. 613, was "sufficiently rooted in [the] pre-bankruptcy past that it belong[s] to [the] estate" and agreed "that the stimulus payments under the Act are purely economic legislation to stimulate spending and not public assistance or social welfare, and insufficient reason exists to divide the payments *pro rata.*"

4

*Walsh v. Cedor*, 411 U.S. 973, 93 S.Ct. 2148, 36 L.Ed.2d 697 (1973), for the proposition that income tax refunds are earnings. *Cedor* was a Bankruptcy Act case wherein a federal district court found that tax refunds retained their character as "earnings" and were subject to a claim of exemption by the debtors. The debtors were thus entitled to claim the tax refund as exempt under the Consumer Credit Protection Act's limitation on wage garnishment. Although Debtor contends in her reply brief that *Cedor* "was not specifically overruled" by *Kokoszka*, this Court disagrees with Debtor's contention. The holding in *Cedor* was impliedly overruled by the Supreme Court's decision of *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) in 1974. *See Matter of Brissette*, 561 F.2d 779, 785, n.7 (9th Cir. 1877). In *Kokoszka*, the Supreme Court found that tax refunds were property of the bankruptcy estate and not subject to exemption as wages under the Consumer Credit Protection Act. Consequently, *Cedor* no longer supports the Debtor's claim of exemption in this case. As noted by the Trustee in his reply brief, the earnings exemption at MCA § 25-13-614 specifically incorporates the definitions of "earnings, disposable earnings, and garnishment . . . as are set forth in 15 U.S.C. § 1672[]" that is contained in Subchapter II of the Consumer Credit Protection Act.

While relying on *Cedor*, Debtor rejects the holdings of *Manchester v. Annis (In re Annis)*, 232 F.3d 749 (10th Cir. 2000) and *Wallerstedt v. Sosne (In re Wallerstedt)*, 930 F.2d 630, 631 (8th Cir.1991), which both held that income tax refunds were not earnings under applicable state statutes, arguing that neither *Annis* nor *Wallerstedt* involved "exemption statutes that are equivalent to §§ 25-13-610 and 614[, MCA]." While the Court agrees that neither *Annis* nor *Wallerstedt* involved a Montana exemption statute, the reasoning set forth in such decisions is instructive. The issue in *Annis* was whether the debtor could exempt her tax refunds under

5

Oklahoma's undue hardship statute, which exempts "by reason of undue hardship that portion of any earnings from personal service necessary for the maintenance of a family or other dependents supported wholly or partially by the labor of the debtor." Okla. Stat. tit. 31, § 1.1.  The *Annis* Court followed the Supreme Court's reasoning in *Kokoszka* and held "that withholdings are not themselves 'earnings from personal services,' for purposes of the Oklahoma statute." 232 F.3d at 753.

Similarly, in *Wallerstedt*, the court examined whether the debtors were entitled to exempt their tax refunds as earnings under Missouri's garnishment statute that permits an exemption in those earnings that remain after deducting any amounts required to be withheld by law.  The *Wallerstedt* Court framed the issue as "whether an income tax refund is earnings or has been transformed by the withholding process into some other asset that the trustee is free to collect and distribute to creditors." 930 F.2d at 631.  In rejecting the debtors' claimed exemption, the court in *Wallerstedt* explained:

> [W]e do not decide this case in a vacuum. While the issue before us is one of state law, decisions on a similar issue under federal law have strong bearing on this case. In February 1974, a panel of this circuit decided *Gehrig v. Shreves*, 491 F.2d 668 (8th Cir.1974), a bankruptcy case that addressed the question "whether [a] tax refund is subject to the restrictions on wage garnishments of the Consumer Credit Protection Act of 1968." *Id.* at 669. In *Gehrig*, this circuit decided that income tax refunds resulting from the payment of minimum withholding are payments of "deferred earnings," and as such are not property of a bankrupt's estate available for distribution by the trustee. *Id.* at 673. The panel went on to hold that to the extent a wage earner's withholdings exceed the minimum required by law, the amount of tax refunds "attributable to voluntary optional excessive withholding of wages should be treated as disposable earnings," *id.*, which are property of the bankruptcy estate, but are protected from the trustee's reach by the Consumer Credit Protection Act's limitation on garnishment, *id.*
>
> The *Gehrig* decision directly conflicted with a Second Circuit bankruptcy case, *In re Kokoszka*, 479 F.2d 990 (2d Cir.1973). The Second Circuit held that "a

tax refund is not 'earnings,' " for purposes of the Consumer Credit Protection Act's garnishment provisions. *Id.* at 996. The Supreme Court subsequently affirmed the Second Circuit's decision in *Kokoszka*, holding that "earnings" as defined in the Consumer Credit Protection Act, does not include income tax refunds, but is limited to " 'periodic payments of compensation, and [does] not pertain to every asset that is traceable in some way to such compensation.' " *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974) (quoting *In re Kokoszka*, 479 F.2d at 997).

After disregarding *Annis* and *Wallerstedt*, Debtor argues, relying on *In Ragan v. Commissioner of the Internal Revenue Service*, 135 F.3d 329 (5th Cir.1998), *cert denied*, 525 U.S. 875 (1998), that "the source of overpayment of income tax determines the character of the refund[.]" This Court's reading of *Ragan* is not as expansive as Debtor's. In *Ragan*, the court explained that while personal earnings are community property, they are subject to the sole management and control of the spouse that earned them. *See Ragan*, 135 F.3d at 333. The *Ragan* court thus concluded that "to the extent that the income is attributable to one spouse's sole management community property, the refund from the excess tax on that income is the sole management community property of that spouse." *See id.* ("[T]he case law overwhelmingly establishes that overpayments by married couples are apportionable to each spouse to the extent that he or she contributed to the overpaid amount.")

*Ragan* is factually distinguishable from the instant case because in the case *sub judice*, the Court is not seeking to apportion a tax refund between two spouses. The Court does, however, find the reasoning of *Annis* and *Wallerstedt* persuasive, particularly as such reasoning comports with this Court's prior ruling on the issue now before the Court. *See In re Binns*, 9 Mont. B.R. 386 (Bankr. D. Mont. 1991). In *Binns*, this Court examined the Montana statutes relied upon by

7

Debtor, namely §§ 25-13-609, 25-13-610 and 25-13-614, MCA and 15 U.S.C. § 1672[2], and concluded that the debtor was not entitled to a wage exemption in his federal and state tax refunds:

> Section 25-13-614[(5)], specifically refers to and relies upon 15 U.S.C. § 1672 for the definition of the term earnings, disposable earnings, and garnishments. Section 1672 provides:
>
>> "(a) The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.
>>
>> (b) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.
>>
>> (c) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt."
>
> The Court in *Kokoszka, supra*, addressing a case dealing with 15 U.S.C. § 1672, held that an income tax refund did not constitute earnings or disposable earnings. The Ninth Circuit Court of Appeals specifically quoted and followed *Kokoszka* in *Usery v. First National Bank of Arizona*, 586 F.2d 107, 110 (9th Cir. 1978). *See also, Orndoff*, [100 B.R. 516], 518 [(Bankr. E.D.Cal. 1989)]; *In re Sutphin*, 24 B.R. 149 (Bankr. E.D.Va. 1982); *In re Rash*, 22 B.R. 323 (Bankr. D.Kan. 1982); *Matter of Doan*, 672 F.2d 831 (11th Cir. 1982). The Debtor asserts that *Kokoszka* is inapplicable to this case, because we are dealing with the Montana law governing exemptions and not the Consumer Credit Protection Act as in *Kokoszka*. However, before the Debtor is entitled to an exemption for earning under the Montana Code, the Debtor must have earnings as defined by 15 U.S.C. § 1672. In this case, the definition of earnings in § 1672 does not include tax refunds and, as such, the tax refund cannot be considered as earnings under the Montana Code.

The reasoning set forth in *Binns* is sound and has remained the law of this district since

---

[2] The provisions of 15 U.S.C. § 1672 have not been amended since the issuance of the *Binns* decision.

1991, and the Court is not inclined to deviate from the *Binn* holding, which holding is consistent with *Kokoszka, Annis* and *Wallerstedt*. Accordingly, the Court will enter a separate order providing as follows:

IT IS ORDERED that Debtor's claimed exemption in the economic stimulus payment is deemed withdrawn; and the Trustee's Objection to Debtor's claim of exemption in Debtor's 2008 Tax Refund attributable to her pre-bankruptcy filing tax payments is sustained and said claimed exemption is disallowed for the reason that federal and state income tax refunds are not earnings for purposes of Montana's exemption laws under MCA § 25-13-614.

BY THE COURT

/s/ Ralph B. Kirscher

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana